## L. A. JONES v. MASON TALBOTT'S ADMR.

**Vendor and Purchaser—Deficit—Criterion of Recovery—Statute of Limitation—Fraud and Mistake—Discovery.**

Relief for fraud or mistake must be commenced by action within five years after the cause of action accrues and the cause of action is not deemed to have accrued until the discovery of fraud or mistake, provided it is brought within ten years after making of the contract.

**Same.**

The criterion of recovery for deficit in land sold is the proportionate price of the deficit to the original amount paid.

APPEAL FROM BOURBON CIRCUIT COURT.

February 17, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

There is no controversy about the deficit in the land, nor as to the quantity that Talbott represented, or affirmed in his deed the tract contained, and the only question is, is appellant's demand barred by time?

There is no evidence that Jones discovered the mistake in the quantity of land in the tract prior to June, 1866, when he was made a defendant to the cross-petition filed by Conway in the suit of Griffith against him, on one of the notes executed by Conway to Jones for an installment of the purchase money, which Jones had assigned to Griffith, and in that suit an abatement of $300 was adjudged proper on account of the deficit which must operate as a total loss to Jones unless he can be remunerated to some extent in this proceeding.

In October, 1868, appellant presented his claim for remuneration for the deficit in the land in the case of *Mason Talbott's Admr. v. Mary Talbott, etc.*, in the Bourbon Circuit Court, where said suit was pending for the settlement and distribution of the estate of Mason Talbott who was the vendor of appellant, and who in the mean time had died. The case was referred to the Master, with directions to hear proof of parties which should be offered touching any claims against the estate of decedent after giving notice of the time and place of his sittings, and report such debts, with the evidence offered to sustain the same to the court.

The Master made his report of the facts very fully to the April term, 1869, of said court—and submitted it as a question of law whether Talbott's estate should be made responsible for the deficit, and if responsible, that the court should determine also the extent of the responsibility.

Jones excepted to the report because the Master refused to allow his claim, and Talbott's representative also excepted to it because the claim of Jones was not rejected, because (in the language of the exception) the same is barred by the statute of limitations. On final hearing the exceptions of Talbott's repre-

sentative was sustained, and the court adjudged Jones' claim barred by the statute and he has appealed.

Placing the case in the most favorable light for Talbott, there was certainly a mistake as to the quantity, and that mistake may be corrected if the remedy was not lost by time. The relief for fraud, or mistake under *Sec.* 2, *Art.* 3, *Chap.* 63, 2 *Vol. R. S., p.* 127, must be commenced by action within five years after the *cause of action accrued,* and the 5*th Sec.* of the same *art. and chap.* declares that the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake, provided it is brought within ten years after the making of the contract, etc. If there might otherwise have been laches on the part of appellant in the discovery of the mistake, Talbott's declaration in his deed that the tract contained six acres may have lulled Jones, and prevented him from entering upon an investigation to ascertain the true quantity, and for this declaration he was the less excusable because his own deed from Griffith informed him that the tract contained only 4A-3R-6.

This proceeding was instituted by appellant within less than five years after he discovered the mistake, and the demand we can not adjudge barred.

The criterion of recovery will be the proportionate price of one acre, three rods and thirty-four poles—at the rate of eleven hundred dollars for four acres, 3 rods and six poles, with interest thereon at the rate of 6 per cent. per annum, for one year after the date of the sale of the land by M. Talbott till paid, and the costs of this proceeding. But he is not entitled to recover any costs, or attorneys' fees expended in the suit of Griffith against Conway, as it was his duty to have settled the controversy when it was ascertained by survey that there was a deficiency in the tract.

Wherefore, the judgment is *reversed,* and the cause is remanded with directions for further proceedings, and a judgment consistent herewith.

*Phister, Kennedy, for appellant.*

*Alexander & Turney, for appellee.*